UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| GERALD JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   21-cv-1305 |
| | ) |
| JOHN BURLE, ET AL., | ) |
| | ) |
| Defendants. | ) |

## ORDER

**JAMES E. SHADID, U.S. DISTRICT JUDGE.**

Plaintiff proceeds pro se from his incarceration in Pontiac Correctional Center, pursuant to 42 U.S.C. §1983 on Eighth Amendment claims for deliberate indifference to his serious medical needs.

Several matters are now before the Court.

### I. MOTION FOR SANCTIONS

Plaintiff has filed a Motion for Sanctions (Doc. 58) seeking to sanction Defendants for making what he asserts are bad faith arguments. Plaintiff's motion is DENIED. The Court's objective is to move this case forward for a ruling on its merits. The Court does not find Plaintiff's arguments related to alleged misstatements by Defendants to warrant the issuance of sanctions.

### II. MOTION FOR RECONSIDERATION

Plaintiff has filed a Motion for Reconsideration (Doc. 59) regarding the Court's 4/20/23 Order denying his motion for injunctive relief. Defendants filed a Response (Doc. 62).

Plaintiff argues the Court failed to appropriately apply the legal standards for issuance of a temporary restraining order or preliminary injunction.

"Motions for reconsideration serve a limited function; to correct manifest errors of law or fact or to present newly discovered evidence." *Hicks v. Midwest Transit, Inc.*, 531 F.3d 467, 474 (7th Cir. 2008) (quoting *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987)). "A motion for reconsideration performs a valuable function where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (internal quotation marks omitted).

The Court finds Plaintiff has not shown the Court's prior order met this standard, so Plaintiff's Motion (Doc. 59) is DENIED.

### III. MOTION FOR ISSUANCE OF SUBPOENAS

Plaintiff's Motion for Issuance of Subpoenas (Doc. 61) is DENIED. The Medical Defendants have indicated they have subpoenaed these documents and will provide them to Plaintiff with their initial disclosures. Plaintiff may also request these documents from the IDOC Defendants once discovery in this matter commences.

### IV. MOTION FOR ADDITIONAL CLAIMS

Plaintiff's Motion for Additional Claims (Doc. 66) asks the Court to reconsider its Merit Review Order (Doc. 55) to the extent that the Court should include a claim for retaliation. Defendants have filed a Response (Doc. 69) in opposition.

The Court cannot rule out a claim for First Amendment retaliation. Considering Plaintiff's pro se status this claim should proceed through discovery. Plaintiff's motion is GRANTED, and the Court allows Plaintiff to proceed on a claim for First Amendment Retaliation in addition to his claim for deliberate indifference to a serious medical need.

## V. MOTION FOR CLARIFICATION

Defendant Wexford Health Sources, Inc., filed a Motion for Clarification (Doc. 67), asserting that Plaintiff has failed to adequately allege a claim against it. Wexford's motion is DENIED. This claim is better resolved on a developed record at summary judgment.

## VI. MOTIONS FOR EXTENSION OF TIME

The parties' Motions for Extension of Time (Docs. 71, 72, 73, 74, and 77) are GRANTED.

Wexford is allowed through 8/28/23 to file its answer.

Wexford's is allowed through 8/28/23 to tender its responses to Plaintiff's discovery.

Defendant Hansen is allowed through 7/26/23 to tender her responses to Plaintiff's discovery.

The IDOC Defendants are allowed through 7/28/23 to tender discovery responses to Plaintiff.

Due to outstanding issues with service on Dr. Tilden, addressed below, the Court has not yet entered a scheduling order. The Court will do so once the issue with Dr. Tilden is resolved.

## VII. MOTION TO RECUSE AND DISQUALIFY

Plaintiff's Motion to Recuse and Disqualify (Doc. 78) seeks to disqualify this Court pursuant to 28 U.S.C. §§ 144 and 455.

Plaintiff's reasons for disqualification include the Court's rulings against him, Plaintiff's assertion that the Court is somehow collaborating with Defendants, Plaintiff's assertion that the Court is retaliating against him because of Judge Myerscough's prior rulings against him and his appeals of those rulings, and Plaintiff's perception that the Court has intentionally delayed his case.

"Actual bias under § 144 must show some personal animus or malice on the part of the judge." *Tezak v. United States*, 256 F.3d 702, 718 (7th Cir. 2001). "The general presumption is that judges rise above any potential biasing influences." *Tezak*, 256 F.3d at 718. "Comments made by the judge 'during the course of trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.'" *Id.* (quoting *Liteky v. United States*, 510 U.S. 540, 550–51 (1994) ("The judge who presides at a trial may, upon completion of the evidence, be exceedingly ill disposed towards the defendant, who has been shown to be a thoroughly reprehensible person. But the judge is not thereby recusable for bias or prejudice")). "A judge's expressions of 'impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges' are not sufficient to demonstrate bias or prejudice." *Tezak*, 256 F.3d at 718 (quoting *Liteky*, 510 U.S. at 555–56).

"Unlike § 144, which requires recusal of a judge when there is actual personal bias or prejudice, 28 U.S.C. § 455(a) requires a judge to recuse himself when his presiding over a case would create an appearance of bias." *Tezak v. United States*, 256 F.3d 702, 717 n.16 (7th Cir. 2001); *see also* 28 U.S.C. § 455(a) ("Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."); *In re Sherwin-Williams Co.*, 607 F.3d 474, 477–78 (7th Cir. 2010).

Plaintiff's assertions in his motion do not meet the requirements of either §144 or §455, so Plaintiff's motion is DENIED.

## VIII. MOTION FOR TEMPORARY RELIEF

Plaintiff's Motion for Temporary Relief (Doc. 80) seeks temporary relief related to his medical care at his new facility, Lawrence Correctional Center. Plaintiff also appears to assert that his transfer to Lawrence was taken with retaliatory motive.

Plaintiff's motion is DENIED.

To the extent Plaintiff seeks to assert claims related to the reason for his transfer, any such claims must be asserted first through the IDOC's administrative grievance process, and then if Plaintiff believes he has a claim for relief, in a separate lawsuit.

To the extent Plaintiff seeks to assert claims for actions or inactions at Lawrence, after administrative exhaustion of such claims Plaintiff would need to bring any such claims in the United States District Court for the Southern District of Illinois. *See* 28 U.S.C. 93(c) (outlining the Illinois counties that comprise the Southern District of Illinois).

## IX. SUBSTITUTION OF DR. TILDEN

The Court is aware through multiple other actions in this District that Dr. Tilden has passed away, and that Pamela E. Hart, an attorney at the Springfield law firm of Scott & Scott, P.C., was appointed Administrator of the Estate of Andrew H. Tilden. *See In The Matter of The Estate of Andrew H. Tilden, Deceased*, Livingston County No. 2023-PR-3. This Order serves as the Suggestion of Death required by Rule 25. Plaintiff must move to substitute Ms. Hart for Dr. Tilden within 90 days or Plaintiff's claims against Dr. Tilden will be dismissed. Fed. R. Civ. P. 25(a)(1).

**IT IS THEREFORE ORDERED:**

(1) Plaintiff's Motion for Sanctions [58] is DENIED.

(2) Plaintiff's Motion for Reconsideration [59] is DENIED.

(3) Plaintiff's Motion for Issuance of Subpoenas [61] is DENIED.

(4) Plaintiff's Motion for Additional Claims [66] is GRANTED to the extent that Plaintiff will also be allowed to pursue First Amendment retaliation claims against the individual Defendants.

(5) Defendants' Motion for Clarification [67] is DENIED.

(6) Defendants' Motions for Extension of Time [71], [72], [73], [74], and [77] are GRANTED.

(7) Plaintiff's Motion to Recuse and Disqualify [78] is DENIED.

(8) Plaintiff's Motion for Temporary Relief [80] is DENIED.

(9) Defendant Wexford's Answer is due 8/28/23.

(10) Defendants Burle, Rambo, and Nurse have been served but have not yet filed an Answer. These Defendants' Answers are also due 8/28/23.

(11) Plaintiff has 90 days from the entry of this order to move for the substitution of Dr. Tilden or the case will be dismissed as to Tilden.

ENTERED: 8/1/2023.

                                            **s/James E. Shadid**
                                            JAMES E. SHADID
                                      UNITED STATES DISTRICT JUDGE